IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal No. 16-153 |
| ) | |
| ALAN BARNETT, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Pending before the court is the motion by defendant Alan Barnett ("defendant" or "Barnett") for early termination of probation (ECF No. 57), to which the government filed a response in opposition. (ECF No. 59). The motion is ripe for decision.

On August 26, 2016, Barnett waived indictment and pleaded guilty to the one-count information at criminal action number 16-153, which charged him with possession with intent to distribute oxycodone. The advisory guideline calculation provided for imprisonment of 10 to 16 months, although Barnett was statutorily eligible for probation. There was a statutory mandatory minimum term of supervised release of at least 3 years, pursuant to 21 U.S.C. § 841(b)(1)(C), which Barnett avoided because he met the criteria for the "Safety Valve."

Barnett was sentenced on January 11, 2017, to 5 years of probation, with conditions of 8 months home detention and 250 hours of community service (125 hours in first and second years of probation); a fine of $50,000 to be paid in full within 30 days; and a special assessment of $100. On June 14, 2019, after serving approximately half his term of probation, Barnett filed his present motion. He states that he successfully completed his home detention, performed his community service, paid his fine,

1

surrendered his DEA license and retired from the practice of medicine. He is 72 years old. Barnett argues that further supervision would be a waste of government resources.

The court, by statute, may grant Barnett's motion for early termination of his probation. As set forth in 18 U.S.C. § 3564(c):

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The § 3553(a) factors are:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>     (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>     (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement--
> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

The government, in opposing the motion, relies on United States v. Laine, 404 F.App'x 571 (3d Cir. 2010), which states "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." 404 F. App'x at 573-74. "Compliance with the conditions of supervised release are expected and not exceptional." *Id.* at 574. The government points out that Barnett did not articulate any reasons – beyond mere compliance with his conditions of probation – to justify early termination of his probation.

II. ANALYSIS

The court first will consider the pertinent factors set forth in § 3553(a) as instructed in 18 U.S.C. § 3564(c), and then determine whether early termination of defendant's supervised release is warranted by his conduct and in the interest of justice.

3

A. Section 3553(a) Factors

*(1) The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1).*

Barnett, a physician who practiced internal medicine (not pain relief), was one of the top prescribers of the opioid medication Oxycodone in the Pittsburgh area. Presentence Investigation Report ("PSI") ¶ 4 (ECF No. 25). On four separate occasions, Barnett provided Oxycodone prescriptions to cooperating witnesses for no legitimate medical purpose. *Id*. ¶ 5. This was a serious drug offense, which contributed to the opioid addiction crisis devastating individuals and the community. Barnett has no substance abuse or criminal history. At sentencing, the government agreed to a downward variance to a non-custodial sentence, given Barnett's age, medical conditions, strong family ties, and long-time service to the community as a physician. This factor weighs strongly against early termination of probation. His criminal conduct was <u>serious</u> and the court already considered his personal characteristics in not imposing a term of imprisonment.

*(2) The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2).*

Barnett's reckless prescriptions of Oxycodone were dangerous to the community. The continuation of probation is important to afford adequate deterrence to future criminal conduct by other physicians. Because Barnett surrendered his medical license and retired, there is no longer any need to protect the public from further crimes by defendant and he does not need educational or vocational training. Because of the need to deter similar conduct by other health care professionals, this factor weighs against an

4

early termination of probation.

*(3) the kinds of sentences available, § 3553(a)(3).*

The statute provided for imprisonment or probation. Barnett already received the benefit of a downward variance to probation. This factor weighs against an early termination of probation.

*(4) The sentencing range established by the Sentencing Commission, § 3553(a)(4).*

Pursuant to U.S.S.G., Chapter 5, Part A, based on a total offense level of 12 and a criminal history category of I, Barnett' guideline range for imprisonment was 10 to 16 months, which was in Zone C of the sentencing table. The statute provided for a mandatory minimum term of supervised release of three years with a maximum of life, 21 U.S.C. § 841(a)(1) and (b)(1)(B), although Barnett qualified for the Safety Valve.

The court varied downward from the advisory guideline range and did not impose a term of imprisonment. Barnett has approximately 2 ½ years remaining on his 5-year term of probation. This factor weighs against early termination of his probation.

*(5) Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

No pertinent policy statements were raised by the parties with respect to this matter.

*(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

Early termination of Barnett's probation may create unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The statute of conviction mandates, in most circumstances, a minimum term of supervised release of three years, to be served after a term of imprisonment. Generally, the full term of supervision is fulfilled because "simple compliance with the conditions of

5

supervised release are expected." *Laine*, 404 F. App'x at 574. This factor weighs against early termination of his probation.

***(7) The need to provide restitution to any victims of the offense, § 3553(a)(7).***

Restitution is not at issue in this case.

B. Whether early termination is warranted and in the interest of justice

Barnett argues that he is a low-risk offender, is on minimal supervision, and the resources of Probation and Pretrial Services would be better used for high-risk offenders. He is 72 years old, with no prior criminal history, who successfully completed his home detention, performed his community service, paid his fine, surrendered his DEA license and retired from the practice of medicine.

In essence, Barnett contends that his compliance with the conditions of supervision justifies early termination of his probation. Under Barnett's reasoning, many "low risk" offenders would qualify for early termination of supervision altogether. The government responds that Barnett has done nothing exceptional to justify early termination and that continued supervision serves the purpose of ensuring against future criminal activity.

In United States v. Medina, 17 F.Supp.2d 245 (S.D. N.Y. 1998), the court observed that if mere compliance with the required conditions of supervision were sufficient to warrant early termination and was in the interest of justice, this justification would "swallow the rule." 17 F. Supp. 2d at 247. The statute requires the court to be satisfied that early termination is both: (1) warranted by Barnett' conduct; **and** (2) in the interest of justice. § 3564(c). Numerous courts have explained that this standard requires conduct or circumstances that are out of the ordinary. As summarized recently in United

6

States v. Davies, No. 07-436, 2018 WL 2227962 at *7 (May 16, 2018):

> "Simple compliance with the conditions of supervised release [is] expected and not exceptional." Id. at 574; United States v. Abdelhady, No. 06-63, 2013 WL 1703775, at *2 (W.D. Pa. Apr. 19, 2013) ("[I]t is well-settled that mere compliance with the terms of supervised release, while commendable, is not sufficiently extraordinary to justify early termination."); United States v. Dudash, No. 05-101, 2012 WL 874878, at *3 (W.D. Pa. Mar. 14, 2012) ("Defendant's full compliance with all of the conditions of supervised release does not warrant early termination."). "In other words, the § 3553(a) factors and the interest of justice do not support early termination unless there is a reason other than compliance with the conditions of supervision." United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")).

Under defendant's approach, anyone on low risk supervision could qualify for termination after one year, regardless of potentially-applicable statutory mandatory minimum terms of supervision. That approach does not strike the court as being a tenable position under the statutory language. Indeed, the fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community. At least, something more than refraining from violations, even if not extraordinary or exceptional, should be required to warrant an exercise of discretion to terminate supervision early.

Considering the relevant factors, and the basis urged for early termination of supervision, the court finds that early termination is not warranted and is not in the interest of justice in this case. The court considered the § 3553(a) factors at the sentencing hearing and determined that 5 years of probation was sufficient, but no greater than necessary, to comply with the purposes of sentencing. Barnett did not present

sufficient reasons for the court to reach a different conclusion now.  The court commends Barnett's compliance with the conditions of his probation.  Although laudable, these actions are expected and indeed required.  The court is not convinced that early termination of his probation is warranted or in the interest of justice.

III. CONCLUSION

Based upon the foregoing, the court will deny the motion for early termination of probation (ECF No. 57).

An appropriate order follows.


Dated: June 25, 2019                                 BY THE COURT:


                                                                    /s/ Joy Flowers Conti
                                                                    Joy Flowers Conti
                                                                    Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 16-153 |
| | ) | |
| ALAN BARNETT, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

And now this 25th day of June, 2019, in accordance with the memorandum opinion, the motion for early termination of probation (ECF No. 57) is DENIED.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge